UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
FRANK V. PONTERIO,

                                          Plaintiff,                      06 CV 6289 (HB)

              -against-

JUDITH S. KAYE, CHIEF JUDGE OF THE
STATE OF NEW YORK, JONATHAN LIPPMAN,
CHIEF ADMINISTRATIVE JUDGE OF THE
COURTS, JOHN T. BUCKLEY, PRESIDING
JUSTICE OF THE APPELLATE DIVISION,
FIRST DEPARTMENT, A. GAIL PRUDENTI,
PRESIDING JUSTICE, APPELLATE
DIVISION, SECOND DEPARTMENT, ANTHONY
V. CARDONA, PRESIDING JUSTICE,
APPELLATE DIVISION, THIRD DEPARTMENT,
EUGENE F. PIGOTT, JR., PRESIDING
JUSTICE, APPELLATE DIVISION, FOURTH
DEPARTMENT and THE ADMINISTRATIVE
BOARD OF THE COURTS,

                                          Defendants.
-----------------------------------------------------------------------X

## STATE DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT

                              ELIOT SPITZER
                              Attorney General of the
                               State of New York
                              Attorney for State Defendants
                              120 Broadway
                              New York, New York 10271
                              (212) 416-8567/8610

CONSTANTINE A. SPERES
Assistant Attorney General
 of Counsel

## TABLE OF CONTENTS

**Page**

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Preliminary Statement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

A.  Plaintiff's Judicial Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

B.  Plaintiff's Requests for Certification and Recertification . . . . . . . . . . . . . . . . . . . . . . . 3

C.  State Court Proceedings . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

        1.      May 17, 2004 Supreme Court Decision . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
        2.      Appeal of the May 17, 2004 Supreme Court Decision . . . . . . . . . . . . . . . . . . . . 7

D.  Federal Action . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

POINT I          COLLATERAL ESTOPPEL AND RES JUDICATA
                      BAR PLAINTIFF'S CLAIMS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

POINT II        THIS COURT LACKS SUBJECT MATTER JURISDICTION
                      OVER PLAINTIFF'S CLAIMS PURSUANT TO THE
                      <u>ROOKER</u> <u>FELDMAN</u> DOCTRINE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

POINT III      THE  <u>YOUNGER</u>  ABSTENTION  DOCTRINE  BARS  THE
                      CONSIDERATION OF PLAINTIFF'S CLAIMS  . . . . . . . . . . . . . . . . . . . . . . . 13

POINT IV     THE COMPLAINT FAILS TO STATE A CLAIM UNDER
                      42 U.S.C. §1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

A.      Plaintiff Fails to State a First Amendment Retaliation Claim . . . . . . . . . . . . . . . . . . . 17

B.      Plaintiff Fails to State a Claim for Denial of Access to Court . . . . . . . . . . . . . . . . . . . 20

C.      Plaintiff Fails to State an Equal Protection Claim . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

D.      Plaintiff's State Law Claims Cannot Be the Basis of a § 1983 Claim and Are
           Defective And Independently Subject to Dismissal  . . . . . . . . . . . . . . . . . . . . . . . . . . 23

E.      Section 1983 Bars the Injunctive Relief Sought by Plaintiff . . . . . . . . . . . . . . . . . . . . 24

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

## TABLE OF AUTHORITIES

__Cases__                                                                      __Page__

Alfaro Motors, Inc. v. Ward, 814 F.2d 883 (2d Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Anderson v. Creighton, 483 U.S. 635 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers,
    398 U.S. 281 (1970) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Bernheim v. Litt, 79 F.3d 318 (2d Cir.  1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

Bland v. State, 263 F. Supp. 2d 526 (E.D.N.Y. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

Board of Regents v. Roth, 408 U.S. 564 (1972) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20, 21

Boguslavsky v. Kaplan, 159 F.3d 715 (2d Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Buechel v. Bain, 97 N.Y.2d 295 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Carlen v. Department of Health Svcs., 912 F. Supp. 35 (E.D.N.Y. 1996), aff'd.,
    104 F.3d 351 (2d Cir. 1996), cert. denied, 520 U.S. 1166 (1997) . . . . . . . . . . . . . . . . . . 10

Cioffi v. Averill Park Central Sch. Dist. Bd. Of Educ., 04-5593-C
    2006 U.S. App. LEXIS 8174 (2d Cir. Apr. 4, 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Clark County School District v. Breeden, 532 U.S. 268 (2001) . . . . . . . . . . . . . . . . . . . . . . . . 19

Cohen v. Litt, 906 F. Supp. 957 (S.D.N.Y. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Connick v. Myers, 461 U.S. 138 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 18

Conopco, Inc. v. Roll International, 231 F.3d 82 (2d Cir.  2000) . . . . . . . . . . . . . . . . . . . . . . . . . 2

D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 13

Diesel v. Town of Lewisboro, 232 F.3d 92 (2d Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Donato v. Plainview-Old Bethpage Central Sch. District, 96 F.3d 623 (2d Cir. 1996) . . . . . . . 21

E.E.O.C. v. State, 907 F.2d 316 (2d Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

Exxon Mobil Corp. v. Saudi Basic Industrial Corp., 544 U.S. 280 (2005) . . . . . . . . . . . . . . . . 12

**Cases**                                                                                           **Page**

Furlong v. Long Island College Hospital, 710 F.2d 922 (2d Cir. 1983) . . . . . . . . . . . . . . . . . . . 16

Gan v. City of New York, 996 F.2d 522 (2d Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Garcetti v. Ceballos, __ U.S. __, 126 S. Ct. 1951 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Giacalone v. Abrams, 850 F.2d 79 (2d Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Greenberg v. Board of Governors of Federal Reserve System, 968 F.2d 164
    (2d Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Harlow v. Fitzgerald, 457 U.S. 800 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Hawkins v. Steingut, 829 F.2d 317 (2d Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20, 21

Hoblock v. Albany County Board of Elections, 422 F.3d 77 (2d Cir. 2005) . . . . . . . . . . . . . . 12

Huffman v. Pursue, 420 U.S. 592 (1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Huminski v. Corsones, 396 F.3d 53 (2d Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Interoceanica Corp. v. Sound Pilots, 107 F.3d 86 (2d Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . 9

Central Hudson Gas & Electric v. Empresa Naviera Santa S.A.,
    56 F.3d 359 (2d Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Kamen v. American Telegraph & Telegraph, 791 F.2d 1006 (2d Cir. 1986) . . . . . . . . . . . . . . . 2

Katz v. Klehammer, 902 F.2d 204 (2d Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Kirschner v. Klemons, 225 F.3d 227 (2d Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Koch v. Yunich, 533 F.2d 80 (2d Cir. 1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Kramer v. Time Warner, Inc., 937 F.2d 767 (2d Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Lance v. Dennis, 126 S. Ct. 1198 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Landmark Communications, Inc. v. Virginia, 435 U.S. 829 (1978) . . . . . . . . . . . . . . . . . . . 14, 15

Leitner v. State of New York, 2000 U.S. Dist. LEXIS 3767 (S.D.N.Y. 2000) . . . . . . . . . . . . . . 2

Levine v. McCabe, 357 F. Supp. 2d 608 (E.D.N.Y. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

Lynk v. Henderson, 2000 U.S. Dist. LEXIS 1496 (S.D.N.Y. Feb. 15, 2000) . . . . . . . . . . . . . . 19

**Cases**                                                                                                          **Page**

Matter of Marro v. Bartlett, 46 N.Y.2d 674 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8, 20

Meyer v. Lippman, 98 Civ. 8476  1999 U.S. Dist. LEXIS 8807 (S.D.N.Y. June 11, 1999) . . . . 22

Middlesex County Ethics Committee v. Garden State Bar Association,
     457 U.S. 423 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14, 15

Monsky v. Moraghan, 1997 U.S. App. LEXIS 36158 (2d Cir. 1997), cert. denied,
     525 U.S. 823 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Morris v. Lindau, 196 F.3d 102 (2d Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18, 19

Mount Healthy City School District Board of Education, 429 U.S. 274 (1977) . . . . . . . . . . . . 17

Nicholas v. Goord, 430 F.3d 652 (2d Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

O'Shea v. Littleton, 414 U.S. 488 (1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Padavan v. United States, 82 F.3d 23 (2d Cir. 1996)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Pennhurst State School & Hospital v Halderman, 465 U.S. 89 (1984) . . . . . . . . . . . . . . . . . 16, 23

Pennzoil Co. v. Texaco Inc., 481 U.S. 1 (1987)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Plyer v.Doe, 457 U.S. 202 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

Ponterio v. Kaye, 25 A.D.3d 865 (3d Dep't 2006)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Powell v. Jarvis, 460 F.2d 551 (2d Cir. 1972) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Rao v. New York Health & Hospitals Corp., 905 F. Supp. 1236 (S.D.N.Y. 1995)  . . . . . . . . . . 18

Ratliff v. DeKalb County, 62 F.3d 338 (11th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

Raygor v. Regents of the University of Minn., 534 U.S. 533 (2002) . . . . . . . . . . . . . . . . . . . . . 23

Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

Ryan v. New York Telegraph Co., 62 N.Y.2d 494 (1984)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Sassower v. Mangano, 927 F. Supp. 113 (S.D.N.Y. 1996), aff'd, 122 F.3d 1057 (2d Cir. 1997),
     cert.denied, 525 U.S. 872 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Scheuer v. Rhodes, 416 U.S. 232 (1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Schwartz v. Mayor's Committee on Judiciary, 816 F.2d 54 (2d Cir. 1987)  . . . . . . . . . . . . 21, 22

**Cases**                                                                                                     **Page**

Scott v. Goodman, 961 F. Supp. 424 (E.D.N.Y. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Society for Good Will to Retarded Children Inc. v. Cuomo, 737 F.2d 1239
     (2d. Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

Spargo v. N.Y. State Commission on Judicial Conduct, 351 F.3d 65 (2d Cir. 2003) . . . . . . . . 13

Stern v. Nix, 840 F.2d 208 (3d Cir. 1988), cert. den'd, 488 U.S. 826 (1988) . . . . . . . . . . . . . . 11

Stover v. Martinez, 382 F.3d 1064 (10th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Wallace v. Kern, 481 F.2d 621 (2d Cir. 1973), cert. denied, 414 U.S. 1135 (1974) . . . . . . . . . . 15

White Plains Towing Corp., v. Patterson, 991 F.2d 1049 (2d Cir. 1993) . . . . . . . . . . . . . . . . . . 17

Younger v. Harris, 401 U.S. 37 (1971) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 13, 14, 15

**Federal Statutes**

42 U.S.C. § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 15, 16, 17, 23, 24

**Federal Rules**

Fed. R. Civ. P. 12(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 15

**State Statutes**

N.Y. Const. Art. VI, § 28(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

New York State Human Rights
     § 115 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
     § 115(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
     § 115(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
     § 210(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
     § 296 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 9
     § 296(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
FRANK V. PONTERIO,

                    Plaintiff,            06 CV 6289 (HB)

      -against-

JUDITH S. KAYE, CHIEF JUDGE OF THE
STATE OF NEW YORK, JONATHAN LIPPMAN,
CHIEF ADMINISTRATIVE JUDGE OF THE
COURTS, JOHN T. BUCKLEY, PRESIDING
JUSTICE OF THE APPELLATE DIVISION,
FIRST DEPARTMENT, A. GAIL PRUDENTI,
PRESIDING JUSTICE, APPELLATE
DIVISION, SECOND DEPARTMENT, ANTHONY
V. CARDONA, PRESIDING JUSTICE,
APPELLATE DIVISION, THIRD DEPARTMENT,
EUGENE F. PIGOTT, JR., PRESIDING
JUSTICE, APPELLATE DIVISION, FOURTH
DEPARTMENT and THE ADMINISTRATIVE
BOARD OF THE COURTS,

                    Defendants.
-------------------------------------------------------------------X

### STATE DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT

#### <u>Preliminary Statement</u>

        Plaintiff, Frank V. Ponterio, a former New York State Supreme Court Justice, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his rights under the First and Fourteenth Amendments to the United States Constitution. Specifically, plaintiff claims that defendants: (1) retaliated against him for speaking out about corruption; (2) denied him access to courts by failing to disclose why his application for recertification as a retired justice entitling him to serve for an additional two years was denied; and (3) violated his rights to equal protection when they denied his application for recertification as a retired justice.

Defendants the Honorable Judith S. Kaye, Chief Judge of the New York State Court of Appeals, the Honorable John T. Buckley, Presiding Justice of the Supreme Court Appellate Division, First Department, the Honorable A. Gail Prudenti, Presiding Justice of the Supreme Court Appellate Division, Second Department, the Honorable Anthony V. Cardona, Presiding Justice of the Supreme Court Appellate Division, Third Department, the Honorable Eugene F. Pigott, Jr., Presiding Justice of the Supreme Court Appellate Division, Fourth Department, the Honorable Jonathan Lippman, Chief Administrative Judge of the New York State Courts and the Administrative Board of the New York State Courts (hereinafter "State defendants"), respectfully submit this memorandum of law in support of their motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) on the grounds that: (1) plaintiff's claims are barred by collateral estoppel and res judicata; (2) this Court lacks subject matter jurisdiction under the Rooker Feldman doctrine; (3) the Younger abstention doctrine and the fundamental principles of federalism and comity mandate dismissal of plaintiff's claims; and (4) plaintiff has failed to state a claim upon which relief can be granted. For the reasons set forth below, the complaint should be dismissed.

## STATEMENT OF THE CASE

### A.  Plaintiff's Judicial Service

On November 6, 1996, plaintiff was elected to a 14-year term as a Justice of the Supreme Court in the Second Judicial District, effective January 1, 1997. Complaint ¶ 4.[1]

---

[1]While motions to dismiss usually consider only the four corners of the contested pleading, "[i]n resolving a motion to dismiss for lack of subject matter jurisdiction, the court may consider evidence outside the pleadings, such as affidavits and other documents." Leitner v. State of New York, 2000 U.S. Dist. Lexis 3767 (S.D.N.Y. 2000), citing, Kamen v. American Tel. & Tel., 791 F.2d 1006 (2d Cir. 1986). Courts may also take judicial notice of publicly filed documents, including court filings in other proceedings. Conopco, Inc. v. Roll Int'l, 231 F.3d 82, 86 (2d Cir. 2000); Kramer v. Time Warner, Inc., 937 F.2d 767, 774 (2d Cir. 1991). Here, plaintiff filed an action in the New York State Supreme Court based upon the same essential facts. Therefore, State defendants request that this Court take judicial notice of plaintiff's state court complaint,

Plaintiff was assigned to the Supreme Court in Richmond County. <u>See</u> Complaint ¶ 9. Plaintiff was initial assigned to a matrimonial part. <u>See</u> Complaint ¶ 9;   <u>Ponterio v. Kaye</u>, 25 A.D.3d 865, 866 (3d Dep't 2006).   After the creation of a second matrimonial part and the consolidation of both matrimonial parts, plaintiff's part became a general civil part.   <u>Ponterio v. Kaye</u>, 25 A.D.3d at 866.   Plaintiff continued to hear civil matters and a limited number of matrimonial cases.  <u>Id</u>.

In 2001, plaintiff reached the age of 70 and as a result, his term of office ended on December 31 of that year by operation of law, pursuant to section 25(b) of Article VI of the New York Constitution.  <u>See</u> Speres Aff., Exhibit B, May 17, 2004 Decision and Order at p 3.

**B.  <u>Plaintiff's Requests for Certification and Recertification</u>**

Pursuant to Article VI § 25(b) of the State Constitution and Judiciary Law § 115, Justices of the Supreme Court who are required to retire once they reach age 70 may be certified by the Administrative Board of the Courts to serve as retired Justices for a two-year term, and may be recertified for two additional two-year terms, for a total of three, until they reach the age of 76.[2]  The initial certifications are based "upon findings (a) that he [the retired Justice] has the mental and physical capacity to perform the duties of such office and (b) that his services are necessary to expedite the business of the Supreme Court."  Jud. Law § 115(1).  Recertifications for additional two-year terms are based upon "findings of continued mental and physical capacity and need for his

the decision of Marcy S. Friedman, J.S.C., in <u>Ponterio v. Kaye</u>, Supreme Court, New York County, Index No. 400281/04, May 17, 2004 (these documents are annexed as Exhibits to the Affirmation of Assistant Attorney General Constantine A. Speres ("Speres Aff."), dated November 3, 2006), and <u>Ponterio v. Kaye</u>, 25 A.D.3d 865, 869 (2006) to establish the State Defendant's entitlement to dismissal of the instant action.

[2]The Administrative Board of the Courts consists of the Chief Judge of the Court of Appeals and the Presiding Justices of the four Appellate Divisions.  N.Y. Const. Art. VI, § 28(a); Jud. Law § 210(2).

[the retired Justice's] services."  Jud. Law § 115(2).

The certification process involves mental and physical examinations of the retired Justices, the solicitation of reports and recommendations from appropriate court administrators, bar associations, and others, and evaluations by Administrative Judges of the retired justices' judicial performance, based upon experience, present ability and productivity, as well as an assessment of the need for continued judicial service by those retired justices.  See Speres Aff., Exhibit B at pp. 2-3.

By letter, dated February 13, 2000, Chief Administrative Judge Lippman advised plaintiff that he was eligible to be certified for a two-year term.  See Speres Aff., Exhibit B at p 3. By application dated March 2, 2001, Plaintiff applied to the Administrative Board for certification to act as a retired justice for a two-year term, beginning January 1, 2002.  Id.  After receiving the results of the required mental and physical examinations and the reports and recommendations from appropriate court administrators, Administrative Judges, and bar associations, the Administrative Board approved plaintiff's application for certification for an initial two-year term.  Id.

By letter, dated February 7, 2003, Chief Administrative Judge Lippman advised plaintiff that he was eligible to be certified for a second two-year term.  Id. By application dated February 13, 2003, plaintiff applied to the Administrative Board for recertification to act as a retired justice for an additional two-year term, beginning January 1, 2004.  Id.; Complaint ¶ 15.  Unlike it did in 2001, in 2003 the Richmond County Bar Association did not recommend plaintiff's recertification.  Ponterio v. Kaye, 25 A.D.3d at 869.  After receiving the results of the required mental and physical examinations and the reports and recommendations from appropriate court administrators, Administrative Judges and bar associations, the Administrative Board declined to

4

approve plaintiff's recertification for another two-year term.  See Speres Aff., Exhibit B at p 3.

Plaintiff's judicial service ended by operation of law on December 31, 2003.

## C.  <u>State Court Proceedings</u>

By summons and complaint, both dated December 1, 2003, plaintiff initiated a hybrid

Article 78 proceeding/damage action against the State defendants in New York State Supreme

Court.  <u>See</u> Speres Aff., Exhibit A.  Plaintiff asserted four causes of action and sought four million

($4,000,000) dollars in monetary damages, annulment of the Administrative Board's decision

denying recertification and an order directing that he be recertified.

In his first cause of action, plaintiff alleged he was "reassigned" from a matrimonial

part in 1998 because Associate Justice Betty Weinberg Ellerin of the Appellate Division, First

Department, used "unlawful efforts" and false accusations of "bias against female litigants" to cause

plaintiff to be replaced by a female judge in violation of Human Rights Law § 296.   <u>See</u> Speres

Aff., Exhibit A, ¶¶ 20-28.  Plaintiff's second cause of action alleged that Justice Ellerin's 1998

accusations of judicial bias "constituted actionable defamation," but that he relied upon the

misrepresentations of Chief Judge Kaye and Chief Administrative Judge Lippman as to the reasons

for his reassignment and thus "lost the opportunity to commence a timely defamation action against

Justice Ellerin." <u>Id</u>., ¶¶ 31-33.  Plaintiff's third cause of action alleged that Chief Judge Kaye and

Chief Administrative Judge Lippman assured him "that there would be no future adverse

consequences" as a result of his reassignment, that these assurances constituted a "fiduciary duty"

owed to plaintiff, and that Chief Judge Kaye and Chief Administrative Judge Lippman breached this

fiduciary duty by "unlawfully influencing" the Administrative Board to not recertify plaintiff for a

second two-year term.  <u>Id</u>., ¶¶ 35-39.  Plaintiff's fourth and final cause of action alleged that his

complaint to Chief Judge Kaye and Chief Administrative Judge Lippman about Justice Ellerin's alleged efforts to replace him in the matrimonial part with a female judge, constituted "an informal complaint of unlawful sexual discrimination," and that, five years later, the Administrative Board denied his request for recertification for a second two-year term in retaliation for that complaint. Id., ¶¶ 42-45.

### 1.    May 17, 2004 Supreme Court Decision

By Decision and Order, dated May 17, 2004, the Supreme Court (Friedman, J.) dismissed plaintiff's complaint in its entirety.   See Speres Aff., Exhibit B, May 17, 2004 Decision and Order.  Specifically, the Supreme Court held that the: (1) first cause of action, in which plaintiff alleged that the change in his judicial assignment in 1998 constituted sex discrimination in violation of Human Rights Law § 296, was barred by the three-year statute of limitations (Id., pp. 5-6); (2) second cause of action was also was barred by a three-year statute of limitations, and that in any event the cause of action failed to state a claim as a matter of law (Id., pp. 7-8); (3) third cause of action failed to state a claim as a matter of law because plaintiff could not use common law tort to challenge the Administrative Board's determination not to recertify him for an additional two-year term (Id., p. 9); and (4) fourth and final cause of action, for retaliation, failed to state a claim on its face because of the lengthy delay between the alleged protected activity (protesting a change in judicial assignment) and the alleged retaliation (the determination not to recertify him), the intervening events (including plaintiff's initial favorable certification), and the difference in parties to the alleged protected activity (Chief Administrative Judge Lippman) and the retaliatory act (the Administrative Board) (Id., pp. 11-13).

2.        **Appeal of the May 17, 2004 Supreme Court Decision**

By Memorandum and Order, dated January 5, 2006, the New York State Supreme Court, Appellate Division, Third Department affirmed the decision below.   Ponterio v. Kaye, 25 A.D.3d 865 (3d Dep't 2006).  As an initial matter, the Appellate Division noted that the gravamen of plaintiff's complaint was his challenge to the Administrative Board's decision to deny him recertification, a challenge "redressable only in a CPLR Article 78 proceeding, subject to the standard of review set forth in Matter of Marro v. Bartlett, 46 N.Y.2d 674 (1979)."[3]

The Appellate Division went on to hold that plaintiff's reassignment from a matrimonial part to a general civil part did not constitute an adverse employment action and that plaintiff failed to establish a causal connection between his complaint of sex discrimination and the denial of recertification.  The Appellate Division noted that while plaintiff's retaliation claim "does allege a violation of a statutory proscription cognizable under Matter of Marro v. Bartlett, [plaintiff] cannot establish that there was a causal connection between [the protected activity] and the denial of this application for recertification" because there was "a five-year delay between plaintiff's complaint and the denial of his application for recertification" and in the interim his initial application for certification had been granted.    Ponterio v. Kaye, 25 A.D.3d at 869.

By Decision, dated May 9, 2006, the New York State Court of Appeals denied plaintiff's application for leave to appeal.  Ponterio v. Kaye, 6 N.Y.3d 714 (2006).

---

[3]In Marro, the Court of Appeals stated that "the Administrative Board . . . ha[s] very nearly unfettered discretion in determining whether to grant applications of former Judges for certification, a discretion which [is] not subject to judicial review in the absence of claims of substance that there has been [a] violation of statutory proscription or promotion of a constitutionally impermissible purpose, unrelated to the certification process." 46 N.Y.2d at 681-82.

**D.**      <u>**Federal Action**</u>

On August 18, 2006, plaintiff filed the instant action alleging that State defendants violated his rights under the First and Fourteenth Amendments to the United States Constitution based upon the same facts alleged in his state court action - i.e. - that on March 6, 1998, he was advised that he was being reassigned from the matrimonial part based upon accusations of bias and that if he resisted the reassignment "he could jeopardize his opportunity for certification." <u>See</u> Complaint ¶ 10. Specifically, plaintiff claims that on April 16, 1998, he advised the Honorable Vito J. Titone, that he would expose Justice Ellerin's scheme to "influence judicial decisions" if he was removed from the matrimonial part (Complaint ¶ 12), thereafter the Honorable Guy Mangano threatened plaintiff with "consequences" if he exposed the scheme (Complaint ¶ 13), and although, plaintiff gave up his plan to expose the scheme (Complaint ¶ 14), his application for certification for a second two-year term was denied on September 30, 2003 based "upon the continuing personal animus of defendants Kaye and Lippman" (Complaint ¶ 15).

Plaintiff asserts four causes of action. The first cause of action alleges that State defendants retaliated against him in violation of his First Amendment rights for the "proposed exercise" of his protected right when the Administrative Board denied his recertification application. <u>See</u> Complaint ¶¶ 23-26. The second cause of action alleges that State defendants denied him "adequate, effective and meaningful access to the courts" when they relied upon the decision in <u>Matter of Marro v. Bartlett</u>, <u>supra</u>, to "intentionally" conceal from him the reasons for the Administrative Board's denial of his application for recertification. <u>See</u> Complaint ¶ 32-33. The third cause of action alleges that State defendants violated his rights to equal protection when they denied him the opportunity to apply for certification or recertification in 2004. <u>See</u> Complaint ¶ 39-

8

40. The final cause of action alleges that State defendants violated New York State Human Rights § 296 when they retaliated against him because of his complaint of sex discrimination. <u>See</u> Complaint ¶ 45-49.

Plaintiff seeks both compensatory and punitive damages and an order directing the Administrative Board "to recertify plaintiff as a Supreme Court Justice for a term extending until December 31, 2007. <u>See</u> Complaint, Wherefore Clause.

**ARGUMENT**

**POINT I**

**COLLATERAL ESTOPPEL AND RES JUDICATA BAR PLAINTIFF'S CLAIMS**

Under the doctrine of collateral estoppel, parties are precluded from litigating in a later proceeding an issue resolved in a previous proceeding. <u>Boguslavsky v. Kaplan</u>, 159 F.3d 715, 720 (2d Cir. 1998). "A party is collaterally estopped from raising an issue in a proceeding if: (1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a 'full and fair opportunity' to litigate the issue; and (4) the resolution of the issue was 'necessary to support a valid and final judgment on the merits.'" <u>Interoceanica Corp. v. Sound Pilots</u>, 107 F.3d 86, 91 (2d Cir. 1997), <u>citing</u>, <u>Central Hudson Gas & Elec. v. Empresa Naviera Santa S.A.</u>, 56 F.3d 359, 368 (2d Cir. 1995). <u>See</u> <u>also</u> <u>Buechel v. Bain</u>, 97 N.Y.2d 295, 303-4 (2001); <u>Ryan v. New York Tel. Co.</u>, 62 N.Y.2d 494, 500 (1984). Additionally, the doctrine of claim preclusion, or <u>res</u> <u>judicata</u>, precludes relitigation of claims actually raised and determined, or which could have been raised, in a previous action between the same parties or those in privity with the parties. <u>Greenberg v. Board of Governors of Fed. Reserve Sys.</u>, 968 F.2d 164, 168 (2d Cir. 1992). These preclusion doctrines bar plaintiff's instant claims.

9

In the state court action, plaintiff actually fully and fairly litigated the identical issues raised again in this federal action and those issues, which were necessary to support a valid final judgment, were decided against him.  In his state court action, and in the instant complaint, plaintiff directly and indirectly challenges the denial of his application for recertification as a retired justice and his alleged claim that such denial was in retaliation for plaintiff's attempt to expose Justice Ellerin's scheme.  <u>See</u> Speres Aff., Exhibit A, State Court Complaint, at ¶¶ 22-46.  The State courts found that plaintiff failed to state a claim for retaliation as he could not establish a causal connection between his speech and the denial of his application for recertification because there was a five year delay between the two, his initial application for certification in 2001 had been granted, the Richmond County Bar Association did not recommend his recertification in 2003, and the difference in parties to the alleged protected activity (Chief Administrative Judge Lippman) and the retaliatory act (the Administrative Board).  <u>See</u> Speres Aff., Exhibit B; <u>Ponterio v. Kaye</u>, 25 A.D.3d 865 (3d Dep't 2006) .

Plaintiff has offered "[n]o indication that [he] did not have a full and fair opportunity . . . to prove his retaliation claim . . . [in the] state court[s]."  <u>Carlen v. Dep't of Health Svcs.</u>, 912 F. Supp. 35, 40 (E.D.N.Y. 1996), <u>aff'd.</u>, 104 F.3d 351 (2d Cir. 1996), <u>cert. denied</u>, 520 U.S. 1166 (1997) (holding that the determination of the prior proceeding precluded the court from considering whether such decision was "arbitrary and capricious or a pretext for retaliation against plaintiff" in violation of his due process rights).  Thus, having failed to fulfill the burden upon plaintiff to "establish the absence of a full and fair opportunity to litigate th[ese] issue[s,] in [the state] action" or to "present any evidence to raise a new issue of fact or law, [plaintiff] has not shown any tangible

need for an otherwise prohibited second day in court."  Scott v. Goodman, 961 F. Supp. 424, 434 (E.D.N.Y. 1996) (citation omitted).  Accordingly, because these claims and issues have already been litigated and decided against the plaintiff, his claims are barred by collateral estoppel and res judicata.

## POINT II

### THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S CLAIMS PURSUANT TO THE ROOKER FELDMAN DOCTRINE.

Even if this Court finds that plaintiff's instant claims are not precluded by the decisions dismissing plaintiff's state court action, pursuant to the Rooker Feldman doctrine, this Court lacks subject-matter jurisdiction to hear plaintiff's instant claims because plaintiff asks this Court to review the state court determinations made by the Supreme Court and Appellate Division with respect to plaintiff's challenge to the denial of his application for recertification.  Under Rooker Feldman, the federal district courts lack subject matter jurisdiction if the exercise of jurisdiction would result in the reversal or modification of state court judgments.  Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983).  "[T]he Rooker-Feldman doctrine bars not only claims which would involve direct review of a state court decision, but also claims which are 'inextricably intertwined' with a state court decision or 'which seek relief that, if granted, would modify a state court decision'."  Sassower v. Mangano, 927 F. Supp. 113, 119 (S.D.N.Y. 1996), aff'd, 122 F.3d 1057 (2d Cir. 1997), cert. denied, 525 U.S. 872 (1998). See also Stern v. Nix, 840 F.2d 208, 211 (3d Cir. 1988), cert. den'd, 488 U.S. 826 (1988).

This is because "[t]he jurisdiction possessed by the District Court is strictly original" and thus the district court lacks subject matter jurisdiction to act as an appellate court and to review the decisions of a state court. Rooker v. Fidelity Trust Co., 263 U.S. at 416 (1923).  The only permissible review open to plaintiff is within the state appellate system and to the United States Supreme Court on petition for a writ of certiorari.  See Atlantic Coast Line R. Co. v.  Brotherhood of Locomotive Engineers, 398 U.S. 281, 296 (1970) ("Lower federal courts possess no power whatever to sit in direct review of state court decisions").

Although Rooker Feldman is a narrow doctrine which has been limited by the Supreme Court in recent years, it still precludes cases, as here, "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments". Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).  See also Lance v. Dennis, 126 S. Ct. 1198, 1201 (2006). See also Hoblock v. Albany County Bd. of Elections, 422 F.3d 77, 85 (2d Cir. 2005) (Second Circuit analysis of the application of the doctrine, after the Supreme Court's decision in Exxon Mobil, holding that where a federal plaintiff lost in state court, complains of injury from that loss and now invites the federal court to review and reject the state court's judgments, such a claim is still precluded under Rooker Feldman).

In this case, plaintiff challenges, both directly and indirectly, the state court determinations dismissing his challenge to the Administrative Board's denial of his application for recertification as a retired justice.  Plaintiff specifically asks this Court to reverse the state court determinations, declare that the State defendants have violated his rights and direct them to recertify him as a retired justice pursuant to Jud. Law § 115.  See Complaint ¶¶ 27, 35, 42; Wherefore Clause.

12

Plaintiff unsuccessfully challenged the denial of his application in the state courts and now asks this Court to overturn those state court determinations.  This is precisely the type of claim that is barred by the <u>Rooker</u> <u>Feldman</u> doctrine.

The gravamen of this action is to have this Court sit as an appellate tribunal and review the state court determinations; a function not within the purview of the district court.  <u>See District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. at 483-484, n.16.  Because granting plaintiff the relief he seeks would require this Court to overturn state court determinations which denied plaintiff's application for recertification, plaintiff's claims are barred by the <u>Rooker</u> <u>Feldman</u> doctrine.

## POINT III

### THE <u>YOUNGER</u> ABSTENTION DOCTRINE BARS THE CONSIDERATION OF PLAINTIFF'S CLAIMS

Even were the Court to find that it has subject matter jurisdiction, the <u>Younger</u> abstention doctrine, as well as general principles of comity, equity and federalism, mandate dismissal of this case.  The <u>Younger</u> abstention doctrine directs federal courts to abstain from exercising jurisdiction when federal claims were or could have been presented in ongoing state proceedings which are important to state interests.  <u>Younger v. Harris</u>, 401 U.S. 37 (1971).  <u>See also Middlesex County Ethics Comm. v. Garden State Bar Ass'n</u>, 457 U.S. 423, 432 (1982); <u>O'Shea v. Littleton</u>, 414 U.S. 488, 499 (1974); <u>Spargo v. N.Y. State Comm'n on Judicial Conduct</u>, 351 F.3d 65, 75 (2d Cir. 2003).  The understanding that the state courts constitute a competent, parallel adjudicatory system underlies the <u>Younger</u> abstention doctrine and counsels restraint against federal interference in state court proceedings.

13

The Younger doctrine directs federal courts to abstain from exercising jurisdiction when federal claims were or could have been presented in ongoing state proceedings which are important to state interests.  Younger v. Harris, 401 U.S. 37 (1971).  Abstention is appropriate here because issuing the relief plaintiff seeks would offend fundamental principles of federalism, equity and comity.  States have a strong policy interest in regulating their courts and abstention has been found appropriate in deference to state proceedings "necessary for the vindication of important state policies or for the functioning of the state judicial system".  Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. at 432; Landmark Communications, Inc. v. Virginia, 435 U.S. 829, 848 (1978) (Stewart, J. concurring) ("there could hardly be a higher governmental interest than a State's interest in the quality of its judiciary.").

A state proceeding is "ongoing" or "pending" for the purposes of Younger if the federal plaintiff had the opportunity to raise his constitutional claim in the state trial and/or appellate courts but did not do so, even if further review of the claim in the state system is no longer available at the time the federal action is commenced. See Huffman v. Pursue, 420 U.S. 592, 609 (1975).  A federal proceeding is thus precluded by Younger if plaintiff failed to exhaust his state court remedies. Kirschner v. Klemons, 225 F.3d 227, 234 (2d Cir. 2000) (The Younger abstention doctrine precludes federal suits by "would-be plaintiffs" who failed to exhaust all available state appellate remedies).  Thus, the fact that plaintiff may now be foreclosed from raising his access to court challenge in the state courts does not preclude the application of Younger in this case.   Here, plaintiff had the opportunity to assert his constitutional claims in regard to the denial of his recertification application to the Court of Appeals and could even have sought leave to appeal to the United States Supreme Court. Plaintiff's failure to raise his constitutional claims before the state

14

appellate courts and his failure to exhaust his state court remedies render his claims still "ongoing" or "pending" for the purposed of the <u>Younger</u> abstention doctrine and require their dismissal.

Dismissal is also warranted under fundamental principles of federalism and comity, which advise against a federal court's involvement in the areas that are committed to the jurisdiction of state bodies.  <u>See</u> <u>Pennzoil Co. v. Texaco Inc.</u>, 481 U.S. 1, 10-11 (1987); <u>Middlesex County Ethics Committee v. Garden State Bar Assoc.</u>, 457 U.S. at 431-432.  The comity doctrine urges federal courts to abstain from jurisdiction, even where abstention is not required, whenever the claims interfere with the judicial procedures of the state court.  <u>Wallace v. Kern</u>, 481 F.2d 621, 622 (2d Cir. 1973), <u>cert</u>. <u>denied,</u> 414 U.S. 1135 (1974).  "Indeed, few interests can be considered more central than a state's interest in regulating its own judicial system.  <u>Spargo</u>, 351 F.3d at 75 (citing <u>Landmark Communications, Inc. v. Virginia</u>, <u>supra</u>, <u>See also</u> <u>Theard v. United States</u>, 354 U.S. 278, 281 (1957) ("The two judicial systems of courts, the state judicatures and the federal judiciary, have autonomous control over the conduct of their officers . . .."  Accordingly, even if abstention is not required under <u>Younger</u>, this Court should, nevertheless, abstain.

## POINT IV

### THE COMPLAINT FAILS TO STATE A CLAIM UNDER 42 U.S.C. §1983

Plaintiff's complaint is also subject to dismissal for failure to state a cause of action under 42 U.S.C. § 1983.  On a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), the allegations in the complaint must be accepted as true.  <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974); <u>Nicholas v. Goord</u>, 430 F.3d 652, 658 (2d Cir. 2005).  The court may dismiss the complaint only if "it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief."  <u>Padavan v. United States</u>, 82 F.3d 23, 26 (2d Cir. 1996).

15

It is well-settled law that, in order to state a claim under 42 U.S.C. § 1983, plaintiff must allege conduct, under color of state law, that deprives him of rights secured by the Constitution or laws of the United States.  Katz v. Klehammer, 902 F.2d 204, 206 (2d Cir. 1990).  To that end, civil rights complaints "must contain specific allegations of fact which indicate a deprivation of constitutional rights; allegations which are nothing more than broad, simple and conclusory statements are insufficient to state a claim under § 1983."  Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir. 1987).  See also Koch v. Yunich, 533 F.2d 80, 85 (2d Cir. 1976); Powell v. Jarvis, 460 F.2d 551 (2d Cir. 1972).

Here, the complaint fails to allege any facts demonstrating that the State defendants violated plaintiff's federal rights.[4]  Plaintiff's conclusory statements, without supporting factual allegations, that the State defendants are biased, unwilling or unable to consider his recertification application is not sufficient to set forth a § 1983 claim. See Furlong v. Long Island Coll. Hosp., 710 F.2d 922, 927 (2d Cir. 1983) (The Federal Rules do "not permit conclusory statements to substitute for minimally sufficient factual allegations"); Cohen v. Litt, 906 F. Supp. 957, 961 (S.D.N.Y. 1995) ("a court need not accept a complaint's legal conclusions and unwarranted factual deductions").  Absent allegations sufficient to set forth a violation of plaintiff's rights under federal law, plaintiff fails to state a 42 U.S.C. § 1983 claim.

---

[4]Plaintiff's claims for money damages against the State defendants in their respective official capacities are barred by the Eleventh Amendment, which absolutely bars suits against the State or one of its agencies for monetary relief, as well as suits seeking declaratory and injunctive relief.  See Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 100 (1984); Gan v. City of New York, 996 F.2d 522, 529 (2d Cir. 1993) (Eleventh Amendment immunity also extends to damage actions against state officials sued in their official capacities if the state is the real party in interest). Further, plaintiff's claims for money damages against the State defendants in their respective individual capacities are barred by the doctrine of qualified immunity as their actions were objectively reasonable and they did not violate any violate clearly established statutory or constitutional rights (infra, pp. 17-23).  See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Anderson v. Creighton, 483 U.S. 635, 638 (1987).

**A.**     <u>**Plaintiff Fails to State a First Amendment Retaliation Claim**</u>

In order to prevail on a § 1983 freedom of speech claim, plaintiff must demonstrate by a preponderance of the evidence that: (1) the speech at issue is protected; (2) he suffered an adverse employment action; and (3) the speech was at minimum a substantial or motivating factor in the adverse action.  <u>See</u> <u>Mount Healthy City School District Board of Education</u>, 429 U.S. 274, 283-84 (1977); <u>Diesel v. Town of Lewisboro</u>, 232 F.3d 92, 107 (2d Cir. 2000).  Plaintiff's claim fails because he cannot demonstrate that the speech at issue is protected, or, more importantly, a causal connection between the alleged speech and the 2003 decision of the Administrative Board denying his application for recertification.

A public employee's speech is only protected when the employee speaks "as a citizen upon matters of public concern."  <u>See</u> <u>Connick v. Myers</u>, 461 U.S. 138, 147 (1983). "When public employees make statements pursuant to their official duties, they are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline".  <u>Garcetti v. Ceballos</u>, __ U.S. __, 126 S. Ct. 1951, 1960 (2006).

Here, plaintiff's speech, his threat to expose the alleged scheme of Justice Ellerin to influence judicial decisions, was clearly a product of his position as a justice of the Supreme Court and not as a private citizen and as the Supreme Court has held, "[r]estricting speech that owes its existence to a public employee's professional responsibility does not infringe any liberties the employee might have enjoyed as a private citizen."  <u>See</u> <u>Ceballos</u>, 126 S. Ct. at 160.   In addition, plaintiff's threat that he would expose this alleged scheme if he was removed from the matrimonial part does not qualify as protected speech.  <u>White Plains Towing Corp., v. Patterson</u>, 991 F.2d 1049, 1059 (2d Cir. 1993) ("Even as to an issue that could arguably be viewed as a matter of public

17

concern, if the employee has raised the issue solely in order to further his own employment interest, his First Amendment right to comment on that issue is entitled to little weight."). If anything, plaintiff's threat makes clear that he sought "to vindicate personal interests," not "to bring to light a 'matter of political, social, or other concern to the community.'" Rao v. New York Health & Hosps Corp., 905 F. Supp. 1236, 1243 (S.D.N.Y. 1995) (quoting Connick, 461 U.S. at 46). Significantly, plaintiff failed to expose this alleged scheme. See Giacalone v. Abrams, 850 F.2d 79, 86 (2d Cir. 1988) ("Abstract concern about a particular subject carries no weight if the employee chooses not to articulate it."). Clearly, this is not protected speech.

Even assuming that plaintiff's speech is protected, plaintiff cannot demonstrate that such speech, in 1996, was a motivating factor in the decision of the Administrative Board to deny his 2003 application for recertification.

A public employee who makes a claim of First Amendment retaliation must show that a "causal connection exists between his speech and the adverse employment determination against him." Morris v. Lindau, 196 F.3d 102, 110 (2d Cir. 1999). A plaintiff may not rely "on conclusory assertions of retaliatory motive, but must offer instead some tangible proof to demonstrate that his version of what occurred was not imaginary." Morris, 196 F.3d at 111. A plaintiff may establish a causal connection by showing that the speech was "closely followed in time by the adverse employment decision." Cioffi v. Averill Park Central Sch. Dist. Bd. Of Educ., 04-5593-CV, 2006 U.S. App. LEXIS 8174, at *25 (2d Cir. Apr. 4, 2006).

18

As the New York State Supreme Court recognized in dismissing plaintiff's state court claim of retaliation:

> The instant case presents a delay of approximately five years between plaintiff's 1998 complaint of sex discrimination in connection with his reassignment and the Administrative Board's alleged retaliation in 2003 . . . [T]his length of delay precludes plaintiff from establishing causality based on temporal proximity, particularly given the intervening events of the Board's favorable action on plaintiff's certification application in 2001.

See Speres Aff., Exhibit B at 11.  In affirming the decision, the Appellate Division made the same findings.  See Ponterio v. Kaye, 25 A.D.3d at. 869.

Clearly, as the state courts realized, the length of time between the alleged speech and the alleged retaliation is too long to support plaintiff's claim.  See Clark County School Dist. v. Breeden, 532 U.S. 268, 273-74 (2001) (action taken 20 months after protected activity suggests, by itself, no causality at all); Morris v. Lindau, 196 F.3d 102, 113 (2d Cir. 1999) (no inference of causation is justified when protected activity and the retaliation more than two years apart); Lynk v. Henderson, 2000 U.S. Dist. LEXIS 1496, at *4 (S.D.N.Y. Feb. 15, 2000) (three years between EEO complaint and reprimand too great to show causal relationship); Stover v. Martinez 382 F.3d 1064, 1074 (10th Cir. 2004) (lapse of two years between action and retaliation too attenuated).

Moreover, intervening events occurring within those five years forestall any prima facie case of retaliation.  First and foremost, the Administrative Board recertified plaintiff in 2001, a fact absent from the complaint.  Second, the Richmond County Bar Association, which had supported plaintiff's 2001 application for certification to an initial two-year term, recommended in 2003 that plaintiff's application for a second two-year term be denied.  See Ponterio v. Kaye, 25 A.D.3d at 869.  Clearly, plaintiff cannot show a nexus between the alleged protected activity in 1998

19

and the denial of recertification in 2003.  Accordingly, plaintiff fails to state a First Amendment retaliation claim.

**B.** **Plaintiff Fails to State a Claim for Denial of Access to Court**

The right of access to the courts has been interpreted to belong solely to litigants or those seeking to be litigants, and a plaintiff may state a claim for denial of access only if the defendant's actions hindered the pursuit of a legal claim. See Monsky v. Moraghan, 1997 U.S. App. LEXIS 36158, *12 (2d Cir. 1997), cert. denied, 525 U.S. 823 (1998).  Plaintiff does not allege that State defendants prevented him from filing a lawsuit, as he litigated the issue of the denial of his recertification in the state courts, or that State defendants actions caused prejudice to his state court action.  Rather, plaintiff claims that "by intentionally concealing from plaintiff the reasons for the Board's 2003 decision (relying on Matter of Marro v. Bartlett), defendants Kaye and Lippman acted with the intent to and did deprive plaintiff of an adequate, effective and meaningful access to the courts." See  Complaint ¶ 32.  Clearly, State defendants reliance on the Court of Appeals decision in Matter of Marro v. Bartlett did not deprive plaintiff of effective and meaningful access to court. As the Appellate Division noted that while plaintiff's retaliation claim "does allege a violation of a statutory proscription cognizable under Matter of Marro v. Bartlett," plaintiff failed to state such claim.  Ponterio v. Kaye, 25 A.D.3d at. 869.  Accordingly, plaintiff was not denied access to court rather plaintiff is unhappy with the outcome of his state court action.

To the extent this claim should be considered one for denial of due process, it still fails.  As an initial matter, plaintiff cannot demonstrate the existence of a constitutionally protected property or liberty right to which the Fourteenth Amendment's procedural dues process protections would attach.  Board of Regents v. Roth, 408 U.S. 564 (1972).  To have a property interest, a person

must have "a legitimate claim of entitlement," and whether that claim of entitlement raises to a property interest is determined by reference to state law. Roth, 408 U.S. at 577, Hawkins v. Steingut, 829 F.2d 317 (2d Cir. 1987). And where, as here, the obtainment of an employment position hinges on others' discretion, the applicant has no legitimate claim of entitlement to that position. Donato v. Plainview-Old Bethpage Cent. Sch. Dist., 96 F.3d 623, 629 (2d Cir. 1996).

Former justices do not have any vested entitlement to post-retirement appointment to any judicial office.  In Marro v. Bartlett, the Court of Appeals found that:

> No property right is involved inasmuch as appellant was already retired by constitutional mandate, and there is no substance to the assertion that "stigma" attaches to the denial of certification, at least in the absence of any public disclosure of the reasons therefor. (Cf.Board of Regents v Roth, 408 U.S. 564.).

Id., 46 N.Y.2d at 682-83.  Thus, the Court of Appeals held that, in reviewing applications for certification and recertification by retired justices, the Administrative Board:

> has nearly unfettered discretion which is not subject to judicial review in the absence of claims of substance that there has been a violation of constitutional or statutory prescription unrelated to the certification process itself.

Id., 46 N.Y.2d at 681-82.  Accordingly, the Court of Appeals rejected the idea that a retired Justice is entitled to due process in the certification or recertification procedure.

The federal courts as well have consistently rejected the notion that applicants for discretionary judicial appointments or reappointments are entitled to due process protections.  In Schwartz v. Mayor's Committee on Judiciary, 816 F.2d 54 (2d Cir. 1987), the plaintiff, who sought reappointment by the Mayor of the City of New York after the expiration of her ten-year term as a Family Court judge, challenged the process by which her application was considered and denied as violative of her constitutional right to due process.  After receiving both positive and negative

21

information about her, the committee created by the Mayor to evaluate requests for reappointments declined to recommend her for reappointment to a new term.  The Second Circuit held that plaintiff had no legitimate claim of entitlement to reappointment such that due process protections would attach and, accordingly, that plaintiff had no due process right to be informed of the details and the source of the information used by the committee in making its discretionary recommendation. Id., 816 F.2d at 57-58; see also Levine v. McCabe, 357 F. Supp.2d 608, 617-18 (E.D.N.Y. 2005) (former judge had no property or liberty interest in future judicial hearing officer position); Meyer v. Lippman, 98 Civ. 8476 (JSM), 1999 U.S. Dist. LEXIS 8807, *2 (S.D.N.Y. June 11, 1999) (due process challenge of judicial hearing officer, who had been appointed to an initial two-year term, but then denied reappointment to a second term, dismissed because plaintiff had no constitutionally protected property right as appointments were entirely discretionary).  Accordingly, plaintiff fails to state a due process claim.

## C.   Plaintiff Fails to State an Equal Protection Claim

The Equal Protection Clause provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws."  It requires that all persons similarly situated be treated alike.  Plyer v.Doe, 457 U.S. 202, 216 (1982).

Plaintiff asserts that "upon information and belief, of the at least 30 justices eligible to apply for certification or recertification in 2004, only plaintiff was denied the opportunity to do so" and that such denial which was based upon "an intent by defendants Board and Lippman to punish plaintiff for the exercise of his constitutional rights" violated his Equal Protection rights. See Complaint ¶¶ 40-41.

Plaintiff's equal protection claim fails as the equal protection clause is an improper vehicle for employment related retaliation claims.  See Bernheim v. Litt, 79 F.3d 318, 323 (2d Cir. 1996) (citing Ratliff v. DeKalb County, 62 F.3d 338, 340-41 (11th Cir. 1995) (no clearly recognized right to be free from retaliation exists under equal protection clause).

Accordingly, on its face, the complaint fails to state an equal protection violation.

**D.**    **Plaintiff's State Law Claims Cannot Be the Basis of a § 1983 Claim and Are Defective And Independently Subject to Dismissal**

To the extent that plaintiff attempts to base his § 1983 claims upon alleged violations of state law, such claims must be dismissed.  An action under § 1983 based upon allegations that state officials have allegedly violated state law does not lie. Raygor v. Regents of the Univ. of Minn., 534 U.S. 533, 541 (2002); Pennhurst State School & Hosp. v Halderman, 465 U.S. 89 (1984); Society for Good Will to Retarded Children Inc. v. Cuomo, 737 F.2d 1239, 1248 (2d. Cir. 1984).

In any event, plaintiff's state law claim is barred by collateral estoppel (see Point I, supra) and fails upon its own merits (see Point IV, A, supra).  Further, plaintiff is not covered by the New York State Human Rights Law.  The New York State Human Rights Law is an employment discrimination statute.  It is designed to prohibit discrimination against an "employee" with respect to hiring, discharge, compensation, or with respect to the employee's "terms, conditions or privileges of employment" (Exec. Law § 296(1)) and does not apply to independently elected constitutional officers, such as justices of the Supreme Court.  See, e.g., E.E.O.C. v. State, 907 F.2d 316,320-21 (2d Cir. 1990) (Justices of the Supreme Court, as independently elected officials, are exempt from coverage under ADEA and similar federal statutes); Bland v. State, 263 F. Supp. 2d 526, 536 (E.D.N.Y. 2003).  Accordingly, plaintiff's fails to state a claim under New York State law.

23

**E.**      **Section 1983 Bars the Injunctive Relief Sought by Plaintiff**

Section 1983 specifically bars the injunctive relief plaintiff seeks against the State defendants.  Pursuant to the Federal Court Improvement Act of 1996, which amended § 1983, "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.  An injunction against a judicial officer is prohibited by § 1983 absent a showing that a prior declaratory judgment has been entered against the judicial officer in question and the judicial officer has violated that declaration. See, e.g., Huminski v. Corsones, 396 F.3d 53, 74 (2d Cir. 2004).

Plaintiff does not plead that the State defendants have violated any declaratory decree.  Accordingly, by § 1983's own terms, plaintiff is not entitled to obtain any injunctive relief as against the State defendants.

## **CONCLUSION**

For the foregoing reasons, the complaint should be dismissed, with prejudice, and the

Court should grant such other and further relief as it deems just, proper and appropriate.

Dated: New York, New York
         November 8, 2006

                                                    Respectfully submitted,

                                                    ELIOT SPITZER
                                                    Attorney General of the
                                                     State of New York
                                                    <u>Attorney for State Defendants</u>
                                                    By:


                                                    _____/S_____
                                                    CONSTANTINE A. SPERES (CAS-9100)
                                                    Assistant Attorney General
                                                    120 Broadway
                                                    New York, New York 10271
                                                    (212) 416-8567/8610


CONSTANTINE A. SPERES
Assistant Attorney General
 of <u>Counsel</u>

## <u>DECLARATION OF SERVICE</u>

CONSTANTINE A. SPERES pursuant to 28 U.S.C. § 1746, declares under penalty of perjury as follows:

That on November 8, 2006, I caused the annexed Memorandum of Law to be served on:

> Kevin J. O'Neill, Esq.
> Gogick, Byrne & O'Neill, LLP
> <u>Attorneys for Plaintiff</u>
> 11 Broadway, Suite 1560
> New York, New York 10004-1314
> (212) 422-9424

by depositing a true and correct copy thereof, properly enclosed in a Federal Express envelope, with postage prepaid, directed to said person(s) at the address(es) within the State designated by him/her/them for that purpose and/or in accordance with the Southern District's Rules On Electronic Service.

_____/S_____
CONSTANTINE A. SPERES

Executed On November 8, 2006